CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 29 2014
JULIA [signature] CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KATHY LEWIS and WARREN LEWIS, ) | |
| ) | |
| Plainitffs, ) | Civil Action No. 3:13CV00026 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| NATIONSTAR MORTGAGE, LLC and ) | By: Hon. Glen E. Conrad |
| PROFESSIONAL FORECLOSURE ) | Chief United States District Judge |
| CORPORATION OF VIRGINIA, ) | |
| ) | |
| Defendants. ) | |

Kathy and Warren Lewis (collectively, "the Lewises") filed this action against Nationstar Mortgage, LLC ("Nationstar") and Professional Foreclosure Corporation of Virginia ("PFC"). Nationstar has moved to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Nationstar's motion will be granted and the complaint will be dismissed as to both defendants.[1]

## Background

On September 6, 2006, the Lewises obtained a home mortgage loan from Nationstar for property located at 100 Edgemont Lane, Locust Grove, Virginia. The loan was evidenced by a note and secured by a deed of trust. The deed of trust named Mary K. Bell and Joan E. Friend as trustees.

---

[1] PFC was never served with process and, thus, has not moved for dismissal. Nonetheless, because the plaintiffs do not assert any claims against PFC that are not also asserted against Nationstar, the court will sua sponte dismiss the complaint against PFC for the same reasons set forth herein. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("Where a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it.") (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)); see also Taylor v. Acxiom Corp., 612 F.3d 325, 340 (5th Cir. 2010) ("While the district court did dismiss sua sponte some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants.").

At some point thereafter, the Lewises "fell into arrears," thereby defaulting on their mortgage loan. (Compl. ¶ 18.) On October 27, 2010, Nationstar appointed Professional Foreclosure Corporation of Virginia ("PFC") as substitute trustee in place of Bell and Friend. Due to the Lewises' default, Nationstar instructed PFC to foreclose on the property. PFC conducted a foreclosure auction on December 1, 2010, at which Nationstar submitted the highest bid. On January 7, 2011, a trustee's deed was recorded in the land records of Orange County, Virginia, conveying the property to Nationstar.

After the Lewises refused to vacate the property, Nationstar instituted an unlawful detainer action against the Lewises in the General District Court of Orange County, and the General District Court awarded possession of the property to Nationstar. The Lewises subsequently appealed to the Circuit Court of Orange County. On June 24, 2012, the Circuit Court entered a final order awarding possession of the property to Nationstar.

On March 18, 2011, the Lewises filed a complaint against Nationstar and PFC in the Circuit Court of Orange County. On October 12, 2012, the Circuit Court entered an order of nonsuit. Six months later, the Lewises filed the instant action against Nationstar and PFC in the Circuit Court of Orange County. On July 24, 2013, Nationstar removed the case to this court.

Upon removal, Nationstar moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the motion on September 17, 2013. The parties subsequently requested and received leave to file supplemental authority in support of their respective positions. The supplemental authority has been submitted, and the motion to dismiss is now ripe for review.

## Standard of Review

When deciding a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded allegations and draw all reasonably factual inferences in the plaintiffs' favor. Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In reviewing a Rule 12(b)(6) motion, the court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

## Discussion

### I. Counts One and Two: Breach of the Deed of Trust and Related Statutory Provisions

In Count One of their complaint, the Lewises claim that Nationstar breached the provisions of paragraphs 16, 22, and 24 of the deed of trust, which allow a lender to appoint a substitute trustee, require the trustee to give public notice of a foreclosure sale by advertisement, and require the lender and the trustee to comply with applicable laws when foreclosing on the property. In Count Two, the Lewises claim that Nationstar breached related state statutory provisions, which

allow a lender to appoint a substitute trustee and describe the requisite contents of a foreclosure sale advertisement. The thrust of both counts is that the notarized document purporting to establish PFC's appointment as substitute trustee is "bogus," because the second page of the two-page document shows a staple mark that is not present on the first page. The Lewises allege that the staple marks indicate that the second page was not attached to the first page when the document was signed, and that the second page was later signed by a "robosigner." Based on these allegations, the Lewises claim that Nationstar's appointment of PFC as substitute trustee was invalid, and that Nationstar breached the deed of trust and the applicable statutory provisions, by instructing PFC to foreclose on the home as substitute trustee and by identifying PFC as the substitute trustee in the advertisements for the foreclosure sale.

In moving to dismiss Count One, Nationstar argues that the Lewises do not have standing to challenge the validity of PFC's appointment, since the Lewises were not parties to the document appointing PFC as substitute trustee, and since the Lewises' purported injuries stem solely from their failure to make payments on the note. Nationstar also argues that Count One should be dismissed because the Lewises' allegations regarding the staple marks on the appointment document do not undermine the document's validity.

In response, the Lewises assert that they have standing, as the property owners, to contest the substitute trustee's allegedly "bogus" appointment. This assertion is based on rulings from a handful of Virginia Circuit Courts, which the plaintiffs have submitted as exhibits. The Lewises further argue that their allegations are sufficient to establish that the notarized document effectuating PFC's appointment was "bogus," and, thus, that all subsequent activities performed by PFC are invalid, including the published notice of foreclosure and the actual foreclosure sale.

Turning first to the issue of standing, the court notes that "[t]he standing doctrine has both constitutional and prudential components." Bishop v. Bartlett, 575 F.3d 419, 423 (4th Cir. 2009). Among the prudential limitations is the principle that a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 498 (1975). In order to have standing to sue on a contract in Virginia, "one must be a party to or beneficiary of the contract." Wolf v. Fed. Nat'l Mortg. Ass'n, 512 F. App'x 336, 342 (4th Cir. 2013) (citing Mich. Mut. Ins. Co. v. Smoot, 129 F. Supp. 2d 912, 920 (E.D. Va. 2000)).

Applying these principles, the court concludes, as have other federal district courts facing this issue, that the Lewises do not have standing to challenge PFC's appointment as substitute trustee. Under Virginia law, the lender, as the party secured by the deed of trust, has "the right and power to appoint a substitute trustee . . . by executing and acknowledging an instrument designating and appointing a substitute." Va. Code § 55-59(9). Likewise, the deed of trust provides that the lender, "at its option, may from time to time remove [the] Trustee and appoint a successor trustee." (Deed of Trust ¶ 24.) The Lewises do not allege that they are a party to the document appointing PFC, that they are intended beneficiaries of the appointment, or that they had any direct involvement in the matter. "Without an enforceable contract right, [the plaintiffs] lack standing to attack the validity of the appointment." Morrison v. Wells Fargo Bank, N.A., No. 2:13CV576, 2014 U.S. Dist. LEXIS 5275, at *9 (E.D. Va. Jan. 15, 2014); see also Bennett v. Bank of Am., N.A., 3:12CV34-HEH, 2012 U.S. Dist. LEXIS 54725, at *21 (E.D. Va. Apr. 18, 2012) ("[B]ecause Plaintiff was not a party to the document appointing PFC, he lacks standing to challenge the validity of the appointment. BANA appointed PFC as substitute trustee and the lender's counsel prepared the document; Bennett had no direct involvement.").

5

Additionally, PFC's appointment as substitute trustee did not affect the Lewises' rights or duties. Notwithstanding the appointment, the Lewises "still had the obligation to make payments under the note." Morrison, 2014 U.S. Dist. LEXIS 5275, at *10. Accordingly, the court agrees with Nationstar that the Lewises do not have standing to challenge PFC's appointment as substitute trustee. Id.; see also Wolf, 512 F. App'x at 342 (holding that a plaintiff lacked standing to challenge the validity of the assignment of her note to another lender, since the plaintiff was not a party to the assignment, and since "the assignment [did] not affect [the plaintiff's] rights or duties at all," and instead merely required her to make payments to a different entity).

Moreover, even if the Lewises had standing to challenge PFC's appointment as substitute trustee, they have not alleged facts sufficient to undermine the validity of the appointment. The Lewises claim that the notarized document appointing PFC as substitute trustee is "bogus," because the second page shows a staple mark that is not present on the first page, indicating that the second page was not attached to the first page at execution. Without alleging any additional facts to establish the document's invalidity, the Lewises offer the conclusion that the document was "robosigned" and improperly notarized. However, the Lewises cite no authority that requires documents to be stapled together for proper notarization. When faced with nearly identical facts, federal courts applying Virginia law, including the United States Court of Appeals for the Fourth Circuit, have rejected the plaintiffs' challenge to the substitute trustee's appointment.

For instance, in Wolf v. Federal National Mortgage Association, the plaintiff alleged that the notarized document purporting to appoint PFC as trustee was "bogus," because the signed second page of the document was not attached to the first page at execution. Wolf, 512 F. App'x

at 343.[2] On appeal from the district court's dismissal of the complaint, the Fourth Circuit held that the plaintiff's allegations regarding the document's staple marks were without merit:

> [E]ven if the allegations are true, it is irrelevant whether the pages were stapled together when the documents were signed. Wolf cites no authority, and we have found none, that requires papers to be stapled together for a proper notarization. Therefore, Wolf's argument fails.

Id. Likewise, district courts within the Fourth Circuit have repeatedly held that similar allegations did not undermine the validity of the substitute trustee's appointment. See Morrison, 2014 U.S. Dist. LEXIS 5275, at *11 (holding that the plaintiff's "argument that the notarized document purporting to appoint Equity Trustees is invalid because the 'robosigned' second page of the document was not attached to the first page at execution must fail"); Jones v. Fulton Bank, N.A., 2013 U.S. Dist. LEXIS 100779, at *21 n.4 (E.D. Va. July 18, 2013) (noting that "[e]ven if plaintiffs did have standing to challenge [the substitute trustee's] appointment, this claim would fail because plaintiffs do not cite any legal authority for the proposition that Va. Code § 55-59(9) requires all of the pages of a document appointing a substitute trustee to be stapled or bound together when the document is signed in order for the appointment to be valid"); Bennett, 2012 U.S. Dist. LEXIS 54725, at *24 (holding that the plaintiff's allegation that the two pages of the appointment document were in different locations when signed "failed to undermine the appointment" and, thus, was "not enough to survive a motion to dismiss"); Canterbury v. J.P.

---

[2] The amended complaint in Wolf contained the following allegations:

> Exhibit D [the document appointing PFC as substitute trustee] is a bogus document. When the second page of Exhibit D was signed, it was not attached to the first page of Exhibit D and was not accompanied by the first page. When the second page of Exhibit D was signed, it was a one page document, not associated with anything else (except it was stapled to something else that had nothing to do with the note, the deed of trust, or the loan) and therefore, when the second page of Exhibit D was signed, it did not remove Barrett as trustee on the deed of trust and did not appoint PFC as substitute trustee.

Wolf, No. 3:11-cv-00025 (W.D. Va.), Docket No. 32 at ¶ 26.

7

Morgan Mortg. Acquisition Corp., No. 3:10-cv-54, 2011 U.S. Dist. LEXIS 33882, at *5 (W.D. Va. Mar. 30, 2011) (noting that the Court was "unaware of any cause of action that the alleged staple mark might support"). Consistent with the foregoing decisions, the court concludes that the Lewises' allegations are insufficient to undermine the validity of PFC's appointment and, thus, that Counts One and Two are subject to dismissal.

## II.  Count Three: Breach of the Implied Covenant of Good Faith and Fair Dealing

In their third count, the Lewises claim that the note and the deed of trust contained an implied covenant of good faith and fair dealing, and that Nationstar breached the implied covenant by proceeding with the foreclosure sale, and taking other related actions, following the allegedly "bogus" appointment of the substitute trustee.

The Fourth Circuit has held that contracts governed by Virginia law contain an implied covenant of good faith and fair dealing. See Wolf, 512 F. App'x at 345 (citing Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 450 (E.D. Va. 2009)); Va. Vermiculite, Ltd. v. W.R. Grace & Co., 156 F.3d 535, 541-42 (4th Cir. 1988). However, "no implied duty arises with respect to activity governed by express contractual terms." Skillstorm, Inc. v. Elec. Data Sys., LLC, 666 F. Supp. 2d 610, 620 (E.D. Va. 2009) (citing Ward's Equip., Inc. v. New Holland N. Am., 493 S.E.2d 516, 520 (Va. 1997)). Thus, the covenant of good faith and fair dealing does not preclude a party from exercising valid contractual rights, "as long as that party does not exercise those rights in bad faith." Wolf, 512 F. App'x at 345.

In this case, as was true in Wolf, Nationstar had a valid contractual right to appoint a substitute trustee, and a valid contractual right to foreclose on the plaintiffs' property. Because a party does not breach the implied duty of good faith and fair dealing when it exercises express rights under a contract, and since the complaint includes no allegations which plausibly suggest

that Nationstar's contractual discretion "was exercised in bad faith, dishonestly, or that [they were] treated unfairly," the court "must conclude" that Nationstar "did not breach the implied covenant of good faith and fair dealing." Id.; see also Morrison, 2014 U.S. Dist. LEXIS 5275, at *15 ("Since the allegations underlying plaintiff's good faith and fair dealing claim pertain to defendant's exercise of its express contractual right to foreclose for nonpayment of the loan and do not allege that Defendant proceeded with its contractual right to foreclose in bad faith, plaintiff has not stated a claim for breach of the implied covenant of good faith and fair dealing.").

### III. Plaintiffs' Quiet Title Claim

In each of the foregoing counts, the Lewises claim that they are entitled to an order quieting title to the property in their favor. In Virginia, "an action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." Maine v. Adams, 672 S.E.2d 862, 866 (Va. 2009). Plaintiffs asserting a quiet title claim must prove that they have rights superior to others asserting an interest in the property. Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 719 (W.D. Va. 2011); Tapia v. U.S. Bank, 718 F. Supp. 2d 689, 700 (E.D. Va. 2010), aff'd, 441 F. App'x 166 (4th Cir. 2011). Accordingly, federal courts in Virginia have routinely dismissed quiet title claims in similar cases, where plaintiffs failed to allege that they had satisfied their obligations under the note and deed of trust. See, e.g., Tapia, 718 F. Supp. 2d at 700; Jones, 2013 U.S. Dist. LEXIS 100779, at *25, Mabutol v. Fed. Home Loan Mortg. Corp., No. 2:12cv406, 2013 U.S. Dist. LEXIS 42685, at *13 (E.D. Va. Mar. 25, 2013); Townsend v. Fed. Nat'l Mortg. Ass'n, No. 3:12-cv-00045, 2013 U.S. Dist. LEXIS 18588, at *35 (W.D. Va. Feb. 12, 2013); Blick v. Wells Fargo Bank, N.A., No. 3:11-cv-00081, 2012 U.S. Dist. LEXIS 41266, at *14 (W.D. Va. Mar. 27, 2012).

In this case, the facts pled in the Lewises' complaint do not plausibly suggest that they have superior title to the property at issue. It is undisputed that the Lewises defaulted on their mortgage, and they do not allege that they have satisfied their loan obligations or that the underlying debt has been paid, forgiven, or cancelled. Consequently, to the extent the Lewises attempt to bring a quiet title claim independent of their other claims, the court concludes that such claim must be dismissed.

### IV.     Plaintiffs' Request for Leave to Amend

In their brief in opposition to the motion to dismiss, the Lewises summarily request leave to amend the complaint in the event that the court grants Nationstar's motion. Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within a certain time frame, and thereafter, with the written consent of the opposing party or the court's leave. The court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a), and "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009).

In this case, Nationstar opposes the Lewises' request for leave to amend. Upon review of the record, the court concludes that the request must be denied. Although there is no basis to believe that an amendment would be prejudicial or that there is any bad faith on the part of the plaintiffs, it is apparent, for the reasons set forth above, that any amendment would likely be futile. Moreover, the plaintiffs never filed a motion for leave to amend, submitted a proposed amended complaint, or identified any changes they would make that would enable their claims to withstand review under Rule 12(b)(6). For these reasons, the court will deny the plaintiffs' request for leave to amend. See Estrella v. Wells Fargo Bank, N.A., 497 F. App'x 361, 362 (4th Cir. 2012)

(holding that when "the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make, 'the district court [does] not abuse its discretion in failing to give the plaintiff[] a blank authorization to 'do over' [his] complaint'") (quoting Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009)); Cozzarelli v. Inspire Pharms., Inc., 549 F.3d 618, 630-31 (4th Cir. 2008) (finding no abuse of discretion in declining to grant a motion to amend that was raised only in a brief in opposition to a motion to dismiss and in objections to the magistrate judge's report).

## Conclusion

For the reasons stated, Nationstar's motion to dismiss will be granted, the plaintiffs' request for leave to amend will be denied, and the case will be dismissed in its entirety. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 29th day of January, 2014.

                                                        Chief United States District Judge